Good morning, Your Honors. My name is Patrick Peluso. I'm here today appearing on behalf of the appellant, Gloria Mitchell. With the Court's permission, I'd like to reserve two minutes for rebuttal. Okay, please watch the clock. Your Honors, this is a case regarding the Fair Credit Reporting Act's Consumer Report, also known as Background Check Disclosure Requirements. Appellant Mitchell alleges that Winco violates the FCRA's requirement that such a disclosure must be clear and conspicuous and it must be in a document consisting solely of the disclosure. So, Mitchell brought suit challenging the disclosure format issue, and the District Court, in the wake of the Supreme Court's decision, found that Mitchell alleged only a bare procedural violation and, therefore, doesn't have Article III standing. So, the complaint doesn't allege any confusion. Do you agree with that? It certainly doesn't say that expressly, that she was confused. The complaint certainly does not allege that, specifically, that she was confused, though I would point the Court to paragraphs 30 and 37 of the First Amendment complaint. In paragraph 30, she alleges that the form was unclear. In paragraph 37, she alleges that the extraneous information overshadows the Consumer Report disclosure. So, we do think that the plausible confusion could be inferred from the allegations as is. So, let me just look at what 30 says. So, it says, the pre-report disclosure that defendant provided to plaintiff and the putative disclosure class members as part of the application process willfully violated the FCRA by not being clear and conspicuous and by including extraneous information such that the disclosure cannot be said to stand alone. So, that seems to be explaining why it violated the FCRA, the statute. It doesn't state that she or members of the class were confused. Is that? I would agree with that, Your Honor. And this goes to sort of the last point we made in our briefs, that if the test is going to be confusion, that Mitchell must expressly allege that she was confused because of this extraneous information, we would request leave to amend to add those allegations. So, the district court did not give you leave to amend, but you didn't ask the district court for leave to amend either, did you? That's correct, Your Honor. But I would point out that at the time that the motion to dismiss was granted, the Said decision that sort of raised this issue of plausibly confused hadn't been out yet, and that didn't form the basis of the district court's order here. So, how does that cut? So, Spokio says you have to have some, you have to show some injury. It's not enough to allege a procedural violation, which is really all that's in the complaint. And then Said thereafter said, based on a different complaint, which you've asked us to take judicial notice of, but it was different than the complaint that was filed by your client, the panel there inferred confusion and said, therefore, she was injured. So, what difference does it make that Said hadn't come out? I'm asking, you know, really curious. I'm just not sure why. About the issue of knowing that we needed to amend to expressly plead confusion if that is indeed going to be the test. So, you had to show some actual injury. It didn't have to be confusion.  You're right. You knew that you had an injury requirement. Absolutely. I would disagree with the premise that the allegation here is a bare procedural violation. The FCRA disclosure requirement establishes substantive rights to information. And when a person has not provided the information in the form that Congress said that they had to be provided in, that causes concrete informational harms. That is the harm. I don't think that's what Spokio said. They said the information was that there was going to be a, you should be saved from having false information disseminated. So, the two injuries they saw that FCRA was trying to prevent was the injury of having false information disseminated and the injury of having your privacy invaded without your permission. So, the information injury you're describing is something that sounds like the bare procedural violation. I disagree with that, Your Honor. I believe that the disclosure requirement at issue here goes to the very heart of those harms that Congress was trying to prevent when it was enacted to prevent against the risk that false information would be disseminated or that persons would authorize background checks, you know, unknowingly. That was the point. Congress didn't condition the protections in the FCRA on the ultimate inaccuracy of the report. Plaintiff Mitchell need not allege additional harms beyond the deprivation of the information that Congress entitled her to receive. That is the harm. And is there any case that supports that since Spokio seems to go the other way? Well, there's been numerous cases in our district court cases that we've cited in our briefs. I believe that the Thomas case out of the Eastern District of Virginia makes this point most succinctly and persuasively. I would just point out that the issue in Spokio was not about this background check disclosure. It was under a separate section of the Act which dealt with consumer reporting agencies having to implement reasonable procedures to ensure the maximum possible accuracy of the reports that they're generating. So the issue there was whether Spokio's procedures had been sufficient enough to ensure that the information was accurate. On that point, I would refer the Court to Justice Thomas's concurrence in Spokio, which I think makes the point quite clearly that there's a difference in the Article 3 analysis between public rights and private rights. And he drew the distinction there that one of the claims in the Spokio case was that Spokio didn't put an 800 number on its website as required. And Justice Thomas pointed out that, you know, that's a requirement owed to the public at large. But when you're talking about a private right, a congressionally established private right owed to a person, once Congress does its job and creates that private right and that right is violated, the person who had that right violated has standing to sue. Nothing else is required. What do you make of the discussion in the case that we should look to what was known at common law and at the close? Is that something that was known as common law? I think absolutely it is. The point of this disclosure is to make sure that people know what they're authorizing. These consumer reports are very invasive. So by not having a standalone disclosure, that certainly goes to raise the risk that people are going to have their privacy invaded unknowingly. And that is absolutely a common law issue. But here there wasn't any allegation that that happened to her. I mean, we're sort of back to what's alleged in the complaint. Well, again, we say that the, we do believe that that sort of confusion and harm is plausibly inferred from the complaint. But the concrete harm is the deprivation of the information that Congress said Mitchell was entitled to in the form that she said she was entitled. And with that, I'd like to reserve my last minute or so for rebuttal. Thank you. May it please the court. I'm Caitlin Burke, attorney for Appellee Winko Foods, LLC. As the court has pointed out, this case is really very simple. Appellant does not have constitutional standing because she cannot state a concrete harm. This is what the district court found and dismissed her first amended complaint with prejudice. Why shouldn't she be allowed to amend her complaint? She shouldn't be allowed to amend her complaint for a couple of reasons. During the briefing and an oral argument below, not once did she allege any additional factual allegations of confusion, anything that would make amendment not futile. She says here, I was, I signed the authorization. In the authorization, it says I clearly understood. She never once alleges besides just buzzwords, conclusory statements by counsel that the disclosure overshadows and distracts, never alleges any confusion. Isn't our standard that it wouldn't be possible to, um, to allege facts that would, um, get past whatever the difficulty was? And I, I'm struggling with why is it not possible for her to allege, uh, confusion or the like? It's not possible because she has still, not even in the briefing to this court, alleged that she herself was confused, didn't understand what she was authorizing. And that's really key. Was the language in the disclosure sufficient to make her confused enough that she wouldn't have known that she was getting a consumer report about her? And there is no factual allegation that he has identified that she could say that. So this semantics or a possibility of alleging confusion is a good academic exercise. But if you look really about what he said in the briefing and what he said below, even at oral argument to the district court judge, he said, okay, well, correct. There's nothing in the disclosure form that can be misinterpreted. So he has really not prevented, presented any factual allegation where you should say leave to amend is appropriate. It is still just based on the bare procedural violation of a concrete harm, which is not enough. I want to go back to what he's really asking, which is to expand Spokio and even Syed beyond what their holdings are. As this court recently found in Duda v. State Farm, you have to show that the appellant was actually harmed or had a material risk of harm. Although that was a pre-adverse action notice claim, the same type of rejection should happen here to appellant's argument that you should expand current precedent. So didn't Syed, Syed did not require a specific allegation of confusion. It said based on the complaint, we can reasonably infer that plaintiff was confused and that's enough for Article III standing. I agree, Your Honor. So Syed's distinction is you had a liability waiver and the premise of that case was that liability waiver was enough to infer confusion. Here, there is a crucial distinction that you don't have a liability waiver and the one sentence, just one sentence of extraneous information that she's highlighting in the disclosure form is an explanation of an investigative consumer report. So it's not apples to apples. The fact that she's trying to compare a one-sentence explanation of an investigative consumer report to a liability waiver to then get to Syed's premise that you can infer confusion really doesn't make sense. That is really expanding Syed well beyond what it was meant to do. If you can infer plausibly that there is more than just a bare procedural violation, the concrete harm of either information or privacy, then sure, she could proceed. That case is completely different. She's never alleged that she was actually harmed. In fact, she was hired. She never alleged that she wouldn't have signed the disclosure form but for this one sentence and she never alleged that there was any sort of informational injury beyond just her comment that it was not in the proper format. Now, the Fair Credit Reporting Act should be looked at very specifically and not infer obligations on an employer that the statutory text does not provide for. It does actually provide that you can put an investigative consumer report disclosure with a general consumer report disclosure statement. That's not in the statute, is it? Are you relying on the FTC guidance? There's nothing. I'm relying on the statute having no prohibition that those two disclosures cannot go together. The silence of the statute. Thank you, Your Honor. As for the informational and privacy harm, the informational harm is absent here because nothing in Spokio suggests that receiving the information in an improper format automatically presents standing. And that's what she's asking. She's really asking for a per se rule of concrete harm every time there's an alleged improper format. In our case, the alleged one sentence of the investigative consumer report. Same for what Your Honor has already pointed out about privacy. There's no risk here that she unknowingly provided her consent to get the consumer report. In fact, she cannot allege that and has not alleged that. Not in any of the briefing below, not in the First Amendment complaint, not at oral argument below, and not in these briefings. She just uses a lot of buzzwords, but that is not sufficient to say that she was in fact harmed, that any negative or wrong information was disseminated, and she received the job. But she lost the job eventually. Did she lose the job because of an investigation into her work? Your Honor, she lost the job because she in fact was telling management at the store that she had gone to prison and was a convicted felon. That information actually never presented on the consumer report. The criminal history on her consumer report was clear. So the felony didn't appear. Once she was disclosing in the store, I was a convicted felon, they followed up with her and asked her and terminated her for that reason. Nothing to do with the actual absence of that information on the consumer report. Is that in the record? We have exchanged it with the counsel. When they amended their original complaint to the First Amendment complaint, we believe that's the reason why they dropped the pre-adverse action notice claim. Your Honor, today we would seek affirmation of the district court order dismissing this case with prejudice and denying reconsideration. Thank you. You have some rebuttal time. In the brief time I have remaining, I'd like to again refer the court to Justice Thomas' concurring opinion in Spokio. He used the example that, at common law, when one man stepped foot on another man's property without permission, that was enough to give rise to suit. You didn't need to show any additional harm beyond that. So the common law can create legally protected interests, so can the Constitution, like free and conspicuous disclosure, in order to further the FCRA's purpose. No additional harm is required other than that. In closing, I think I would just like to leave the court with, Article III standing as a doctrine is supposed to be about judicial restraint. It is not supposed to be a tool by which litigants and courts second-guess congressional judgment and decide which harms and rights Congress identifies are too trivial to matter. That's not what Article III standing is supposed to be for. We believe that Mitchell has clearly alleged a concrete injury here, has standing, and we ask that the court reverse. Thank you. Okay, the case of Mitchell v. Winko is foods, is submitted. We have a couple of additional cases submitted on the briefs. Garcia v. Union Pacific Railroad Company is submitted on the briefs. Nelson v. ICTSI Oregon Inc. is submitted on the briefs. And Hardman v. Marine Terminals Corporation is submitted on the briefs. And with that, our session is over for today.
judges: Fernandez, Ikuta, Sessions